TRANSMARINE NAVIGATION CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 76-9-02110

Before WATSON, *Judge.*

(Decided February 3, 1984)

*Stein, Shostak, Shostak & O'Hara (Marjorie M. Shostak* and *John N. Politis* at the trial; *James F. O'Hara* on the brief), for the plaintiff.

*Richard K. Willard,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Saul Davis* at the trial and on the brief), for the defendant.

WATSON, *Judge:* In this action, plaintiff Transmarine Navigation Corporation[1] contests the increased valuation of vessel repairs under a reliquidation[2] by the U.S. Customs Service.

The federal defendants take the position that the Court lacks jurisdiction to decide the merits of this claim due to plaintiff's failure to meet a statutory prerequisite for judicial review, specifically, the filing of a timely administrative protest.

Transmarine filed its protest over five and one half years after the disputed reliquidation,[3] a period far in excess of the 60 day time limit then applicable under section 514 of the Tariff Act of 1930 (19 U.S.C. § 1514). Nonetheless, plaintiff argues that judicial review is appropriate under two theories. The first theory relies on the "voidness doctrine," a concept developed in a line of older cases in which the courts treated as timely certain protests filed after the statutory time period because the disputed liquidations were void *ab initio.* The courts reasoned that a statutory time limit could not run from the date of a liquidation that was legally nonexistent. Plaintiff argues that it is free from the ordinary time limit for filing a protest because the disputed reliquidation lacked a finding of probable cause to believe there was fraud in the case.[4]

Although the "voidness doctrine" was in effect on the date of the entry in question,[5] the doctrine has no application here. The use of the "voidness doctrine" to salvage "untimely" protests was confined to cases where the authority under which the liquidation occurred was found to be illegal, or the reliquidation was done concededly without any authority whatsoever. *United States* v. *Cajo Trading, Inc.,* 55 CCPA 61, 403 F.2d 268 (1968), *cert. denied,* 393 U.S. 827 (1968) (void presidential proclamation); *United States* v. *C.O. Mason, Inc.,* 51 CCPA 107 (1964), *cert. denied,* 379 U.S. 999 (1965) (unconstitutional statute) *Guy B. Barham Co.* v. *United States,* 35 CCPA 138, C.A.D. 385 (1948).

In this case, there is no complaint that the authority under which the reliquidation occurred was non-existent. As a result, with regard to plaintiff's "voidness doctrine" argument, the Court's view is that this case merely presents a conventional challenge to the application of the law, for which no exceptional treatment is justified. *See United States* v. *A.N. Deringer,* 66 CCPA 50, 56.

---

[1] Plaintiff Transmarine Navigation Corp. is the principal on the bond upon which entry of the vessel was made. The vessel was owned, at the time of entry, by American Sea Lanes, Inc.

[2] The government claims that, for a number of reasons, the increased valuation complained of occurred in the original and only liquidation of the subject entry. Without deciding the merits of this contention, the Court uses the term "reliquidation" to facilitate a clearer explanation of the procedural background of this case.

[3] The reliquidation occurred on April 11, 1969, and the protest was filed on November 25, 1974.

[4] At the time of reliquidation, Section 521 of the Tariff Act provided:
Reliquidation on account of fraud.
If the collector finds probable cause to believe there is fraud in the case, he may reliquidate an entry within two years (exclusive of the time during which a protest is pending) after the date of liquidation or last reliquidation.

[5] The case law "voidness doctrine" was eliminated by the passage of statutory amendments effective with respect to entries made on or after October 1, 1970. The subject entry was made on April 21, 1967. 19 U.S.C. §§ 1500(d) and 1514(a), *United States* v. *A.N. Deringer, Inc.* 66 CCPA 50, 56, C.A.D. 1220 (1979).

Plaintiff's second theory relies upon a tolling of the statutory time limit for protest until October 10, 1974, the date of a letter from the Customs Service which plaintiff views as the final agency action under the analysis developed in *Farrell Lines Inc.* v. *United States,* 496 F. Supp. 1320 (1980), *rev'd on other grounds* 657 F. 2d 1214 (1981). In *Farrell Lines,* the Court held that where an application for relief from duties on equipment and repairs to a vessel was followed by liquidation, and the shipowner petitioned for review, the statutory period for filing of a protest was tolled from the date of the petition until notice of denial of the petition by the Customs Service.

The relevant events in this case may be summarized as follows: On February 20, 1968, the vessel entry was liquidated. The shipowner, American Sea Lanes (ASL) informed the Customs Service on March 25, 1968 that it would file an application for relief requesting the amendment of entry. The application was filed on May 16, 1968. On April 11, 1969, Customs Service reliquidated the entry. ASL filed a petition for relief on May 15, 1969, which was provisionally denied by the Customs Service on June 24, 1969. A Supplemental Petition for relief filed by ASL on July 29, 1969 was denied and a first demand for duties was made by the Customs Service on August 8, 1969. Subsequently, ASL filed an additional supplemental petition, which was also denied.

On December 14, 1970, ASL protested ("appealed") the reliquidation. A denial of this protest, along with a second demand for payment occurred on February 17, 1971.

On May 9, 1973, the Customs Service made a demand for payment on the Plaintiff, Transmarine Navigation, the principal on the bond upon which entry was made. Plaintiff subsequently filed a petition for remission on July 3, 1973, which was denied by the Customs Service on September 27, 1973. A letter from plaintiff, dated September 27, 1973, arguing that the reliquidation was void, was rejected by the Customs Service on October 10, 1974, by a letter which Plantiff views as the final agency action under *Farrell Lines.*

In whatever manner the *Farrell Lines* analysis is applied to the chronology of events in this case, even the most generous view of the prolongation of the administrative process cannot go beyond the last date on which the Customs Service can be said to have addressed the merits of its dispute with ASL. The demand for payment made of Transmarine more than two years later did not revive the earlier dispute. It was simply the ministerial consequence of a final administrative decision.

Accordingly, plaintiff has failed to establish in any manner the Court's jurisdiction over this case. The Court's decision is harmonious with the general principle that administrative procedures already exhausted should not be reopened at a much later date, absent extraordinary circumstances. *See:* Section 514(a) of the

Tariff Act of 1930 (19 U.S.C. § 1514(a)); *Umpleby* v. *Udall*, 285 F. Supp. 25, 30 (D.C. Colo. 1968). Indeed, a series of petitions and protests could, if plaintiff's views are adopted, have the unreasonable effect of maintaining almost indefinitely an administrative appeal that has already clearly run its course.

For these reasons, this case is dismissed for lack of jurisdiction.